UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MAUREEN LIANTONIO
on behalf of herself and
all other similarly situated consumers

                    Plaintiff,

-against-

ASCENSIONPOINT RECOVERY SERVICES, LLC

                    Defendant.
-----------------------------------------------------------

**FILED** IN CLERK'S OFFICE US DISTRICT COURT EDNY SEP 16 2013 LONG ISLAND OFFICE

**SUMMONS ISSUED**

**CLASS ACTION COMPLAINT**

**CV-13 5157**

*Introduction*

1. Plaintiff Maureen Liantonio seeks redress for the illegal practices of AscensionPoint Recovery Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Coon Rapids, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Maureen Liantonio*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 24, 2013, Defendant sent the Plaintiff a collection letter/estate notice seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows:

"Dear estate of MAUREEN LIANTONIO,

We would like to offer our deepest condolences during this time of loss for you and your family. Thank you in advance for attending to this important matter. Please have the person who is responsible for paying the outstanding bills from the decedent's estate contact our office. We can be reached toll free at (888) 806-9074 for more information.

Please remember that only the decedent's estate is liable for only outstanding bills owed. Family members are not personally responsible for payment of any outstanding bills and could not be required to pay individually or with assets owned jointly with the decedent."

12. Said letter is a false representation of estate liability and "the false representation of the character, amount, or legal status of any debt;" in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) as Plaintiff, Maureen Liantonio is still living.

13. Upon information and belief, the said letter was the Defendant initial communication with the Plaintiff.

14. The said letter is completely devoid of the litany of warnings and notices required by 15 U.S.C. §§ 1692g and 1692e(11).

15. The said letter fails to, inter alia, adequately advise the Plaintiff of her rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the request for payment of the Plaintiff's alleged outstanding bills.

16. The language in the aforementioned letter violates 15 U.S.C. § 1692(g), because it contradicts the requirement that the Plaintiff be advised of and given a thirty (30) day period in which to dispute the bill.

17. The aforementioned letter fails to disclose clearly that the Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. §1692(e)(11).

18. The Defendant failed to give Plaintiff notice of her rights as mandated by 15 U.S.C. §§ 1692g and 1692e(11) within five (5) days of Defendant's said initial communication to the Plaintiff.

19. Had the Plaintiff been given notice of her rights pursuant to 15 U.S.C. § 1692g, she would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

20. The Defendant, in attempting to collect from the Plaintiff the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

      i. 15 U.S.C. § 1692e generally, and specifically, 15 U.S.C. § 1692e(10) and 1692e(11) by Defendant's July 24, 2013 initial communication, as described above;

      ii. 15 U.S.C. § 1692f generally, and specifically 15 U.S.C. §1692g(a), by failing to advise the Plaintiff of any of her rights as required by § 1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiff in connection with the collection of the aforementioned alleged debt.

21. Upon information and belief, other persons hold the same or similar claims against the Defendant, for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. § 1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiff from the Defendant in the collection of consumer debts within the State of New York.

22. In addition, the said letter does not contain the name of any creditor in violation of 15 U.S.C. § 1692g(a)(2).

23. Defendant's July 24, 2013 letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(11), 1692f, 1692g, 1692g(a), and 1692g(a)(2).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

24. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty three (23) as if set forth fully in this cause of action.

25. This cause of action is brought on behalf of Plaintiff and the members of a class.

26. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about July 24, 2013; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant's letter contained numerous violations of the FDCPA including 15 U.S.C. §§ 1692c, 1692e(2)(A), 1692e(10), 1692e(11), 1692f, 1692g, 1692g(a), and 1692g(a)(2).

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

32. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully request that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this

action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 10, 2013

*/s/ Adam J. Fishbein*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*/s/ Adam J. Fishbein*

Adam J. Fishbein (AF-9508)

**Ascension**Point
RECOVERY SERVICES, LLC

AscensionPoint Recovery Services, LLC
200 Coon Rapids Blvd. Suite 210
Coon Rapids, MN 55433-5876
(888) 806-9074 Phone - (763) 235-4055 Fax
Hours: Monday - Friday 8:00AM to 5:00PM CST

Reference No.: 1390718

July 24, 2013

Dear estate of MAUREEN LIANTONIO,

We would like to offer our deepest condolences during this time of loss for you and your family. Thank you in advance for attending to this important matter.

Please have the person who is responsible for paying the outstanding bills from the decedent's estate contact our office. We can be reached toll-free at (888) 806-9074 for more information.

Please remember that only the decedent's estate is liable for any outstanding bills owed. Family members are not personally responsible for payment of any outstanding bills and could not be required to pay individually or with assets owned jointly with the decedent.

Very Truly Yours,
Christina Mallen
AscensionPoint Recovery Services, LLC

---

DEPT 303    3052638013079
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

#BWNFTZF #TAM30526380130794

1390718
ESTATE OF MAUREEN LIANTONIO
3 MARSEILLE DR
LOCUST VALLEY NY 11560-1111

Phone Number: (888) 806-9074
Reference No: 1390718

ASCENSIONPOINT RECOVERY SERVICES, LLC
200 COON RAPIDS BLVD, SUITE 210
COON RAPIDS, MN 55433-5876

TAMLOD-0723-176322288-01326-325